NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-94

CAROLYN LOUVIERE

VERSUS

JACOB COLBY PERRY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-568-17
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Elizabeth A. Pickett, Judges.

AMENDED AND AFFIRMED AS AMENDED.

**Michael H. Schwartzberg**
**Glen D. Vamvoras**
**Vamvoras, Schwartzberg & Antoon, LLC**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Jacob Colby Perry**

**Ronald C. Richard**
**Richard Law Firm, LLC**
**1 Lakeshore Drive, Suite 120**
**Lake Charles, LA 70629**
**(337) 494-1900**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Carolyn Louviere**

**PICKETT, Judge.**

The plaintiff appeals the trial court's grant of the defendant city alderman's special motion to strike and dismissal of her suit for defamation against the alderman. For the following reasons, we affirm.

## FACTS

Carolyn Louviere, the mayor of the City of Welsh, filed suit against Jacob Colby Perry, an alderman for the city, alleging that Mr. Perry used his position as a platform to defame her. She seeks damages for Mr. Perry's alleged "malicious and intentional misrepresentations" that she conspired to violate the Louisiana Local Government Budget Act, launched a recall effort against him, violated the Louisiana Code of Governmental Ethics, and abused her position as mayor for her personal benefit and for the benefit of her two daughters.

Mr. Perry filed an answer in which he denied Ms. Louviere's claims and asserted that any statements he made were privileged speech under Article III, § 8 of the Louisiana Constitution and, therefore, entitled to qualified immunity from prosecution. He also filed a special motion to strike, as provided in La.Code Civ.P. art. 971, in which he argued that he is immune from prosecution because his statements were made in his capacity as alderman and pertain to public issues.

After a hearing held December 7, 2017, on Mr. Perry's motion, the trial court granted the motion and dismissed Ms. Louviere's petition in open court. The trial court awarded attorney fees as Mr. Perry requested. On December 13, 2017, the trial court signed a judgment dismissing Ms. Louviere's suit with prejudice and awarding Mr. Perry $7,650 in attorney fees; the judgment was mailed December 18, 2017. On December 17, 2017, Ms. Louviere filed a motion to recuse the trial judge. The trial judge denied the motion without a hearing.

Ms. Louviere appeals the trial court's judgment and assigns three errors with the trial court's proceeding:

(1) The trial court committed error in granting the Motion to Strike filed by Jacob Colby Perry.

(2) The trial court committed error in denying the Motion to Recuse and for Stay of All Proceedings During the Pendency of her Motion filed by Plaintiff.

(3) The trial court committed error in denying a hearing over the Motion to Recuse and for Stay of All Proceedings During the Pendency of the Motion filed by Plaintiff.

Mr. Perry filed an answer to Ms. Louviere's appeal, seeking an award of attorney fees for work performed on appeal.

## DISCUSSION

### *Motion to Strike*

In *Aymond v. Dupree*, 05-1248, pp. 9-10 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 728 (citations omitted), *writ denied*, 06-1729 (La. 10/6/06), 938 So.2d 85, this court explained the plaintiff's burden of proof for defamation[1] in, stating:

> [T]to maintain an action for defamation, he has the burden of proving five elements: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and, (5) injury. Defamation involves the invasion of a person's interest in his or her reputation and good name. A defamatory communication or defamatory words are those which harm the reputation of another so as to lower him in the estimation of the community or to deter others from associating with him.
>
> Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener.

"Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation." *Costello v. Hardy*, 03-1146, p. 18 (La. 1/21/04), 864 So.2d 129, 143.

---

[1] A higher burden of proof applies to defamation claims made by public officials such as Ms. Louviere. They must prove that the alleged defamatory statements were "made with 'actual malice'–that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 6 (La. 7/10/06), 935 So.2d 669, 675 (quoting *New York Time Co. v. Sullivan*, 376 U.S. 254, 279-280, 84 S.Ct. 710, 726 (1964)). We do not address this issue, however, because the parties did not raise it and Ms. Louviere failed to satisfy the lower burden of proof applicable to the general public.

2

Ms. Louiviere urges that the trial court erred in granting Mr. Perry's special motion to strike. Article III, § 8 of the Louisiana Constitution provides immunity to members of the legislature for "any speech in either house." It has been held to constitute "an absolute bar to interference when members are acting within the legitimate legislative sphere." *Parish of Jefferson v. SFS Constr. Grp., Inc.*, 01-1118, p. 4 (La.App. 5 Cir. 2/13/02), 812 So.2d 103, 105, *writ denied*, 02-791 (La. 5/31/02), 817 So.2d 95. Inquiries into the motivation for legislative actions have also been held to be contrary to the purpose of Article III. *Copsey v. Baer*, 593 So.2d 685 (La.App. 1 Cir. 1991), *writ denied*, 594 So.2d 876 (La.1992). This immunity extends to city legislative bodies. *Ruffino v. Tangipahoa Parish Council*, 06-2073 (La.App. 1 Cir. 6/8/07), 965 So. 2d 414.

Louisiana Code of Civil Procedure Article 971 provides, in pertinent part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

. . . .

F. As used in the Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

The legislature enacted Article 971 "as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." *Aymond*, 928 So.2d at 727. Appellate courts review the grant of a special motion to strike under the de novo standard of review because it involves issues of law. *Id.*

To prevail on his special motion to strike, Mr. Perry must make a prima facie showing that the causes of action asserted against him "arise[] from an act by him in the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." *Shelton v. Pavon*, 17-482, pp. 5-6 (La. 10/18/17), 236 So.3d 1233, 1237.

To establish that his comments were made in connection with a public issue and, therefore, privileged and immune from suit, Mr. Perry attached an affidavit executed by him to his motion. In his affidavit, he admitted making comments regarding the manner in which some budgetary matters were handled by Welsh's administration and concerns he had about the conduct of Ms. Louviere as mayor and the police chief in letters to the Louisiana Legislative Auditor and to the Louisiana Board of Ethics. Mr. Perry also explained that discussion of a local bar was raised by Ms. Louviere during a meeting between her as Mayor and the aldermen of Welsh in which she stated that passage of new ordinances she proposed would result in the bar closing. Mr. Perry further explained that he was concerned about the use of city funds to install a speed bump on the street fronting the home of one of Ms. Louviere's daughters because the street was not a heavy traffic area and the propriety of the Ms. Louviere referring business to her other daughter. He further averred that all the statements he made were to the Board of Ethics or to the Legislative auditor.

Ms. Louviere presented no evidence challenging the veracity of Mr. Perry's assertions in his affidavit that any statements he made regarding Mr. Johnson were

4

made in his role as alderman. Accordingly, we find that Mr. Perry made a prima facie showing that his statements were made in his role as alderman and "in furtherance of [his] right of . . . free speech under the United States or Louisiana Constitution in connection with a public issue" and, therefore, are privileged speech. La.Code Civ.P. art. 971(F)(1).

The burden of proof then shifted to Ms. Louviere to show that she will probably succeed on her claims. To defeat Mr. Perry's motion, she must prove *all* the required elements of defamation or her claims fail. *Costello*, 864 So.2d 129.

Ms. Louviere relies upon the allegations of her petition to satisfy her burden of proof. She asserted in her petition that Mr. Perry:

(1) alleged that she conspired to "commit acts that violated the Louisiana Local Government Budget Act";

(2) alleged that she "conspired to 'launch a recall effort' against the Defendant while he was out of the country";

(3) alleged that she "has or is continuing to violate various statutes including, R.S. 42:1161(F); 42:1115; 42:111(A); 42:1119, as well as but not limited to 'violations of Title 18 of the United States Code'";

(4) alleged that she "has singled out local businesses like The Southern Pub, with specific designs at shutting them down, for her own gain";

(5) contacted "the Louisiana Legislative Auditor with the above unfounded accusations";

(6) alleged that she "abused her position, as Mayor, to benefit her daughter, Alice Arceneaux, in the form of getting speed bumps in her neighborhood" and "leveraging her position to promote and benefit her daughter's, Nancy Cormier, real estate agency. Defendant had no factual basis for these altercations, [sic] which he made to the Board and the public to get an ordinance to limit the time alcohol could be sold passed";

Ms. Louviere has not proved that Mr. Perry's statements were defamatory because she failed to prove that they were unprivileged publications and were made with malice, i.e., he knew his statements were false or were made with reckless disregard to the truth. Nonetheless, she argues the trial court erred in finding that Mr.

5

Perry's speech was protected because La.R.S. 9:2798.1 excepts certain actions by legislators from protection. Louisiana Revised Statutes 9:2798.1 states, in pertinent part:

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:
>
> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
>
> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Ms. Louviere has not shown that Mr. Perry's actions and statements fall within the parameters of La.R.S. 9:2798.1(C)(1) or (C)(2). Moreover, she failed to establish that "a statute, regulation or policy specifically prescribes the course of action for [Mr. Perry] to follow," which is required for the application of La.R.S. 9:2798.1. *Simeon v. Doe*, 618 So.2d 848, 852-53 (La.1993). For these reasons, the trial court did not err in granting Mr. Perry's special motion to dismiss.

### *Recusal*

Ms. Louviere also assigns error with the trial court's denial of her motion to recuse and for stay of all proceedings and with the trial court's denial of her request for a hearing on the motion. Ten days after the hearing was held on Mr. Perry's special motion to strike, Ms. Louviere filed a motion to recuse the trial judge. Ms. Louviere cited the trial judge's prior representation of Mr. Perry's grandparents, self-recusal from a matter in which the grandparents were defendants, and the close friendship with Mr. Perry's uncle as "a clear potential for bias" by the trial judge and

6

grounds for his recusal. She asserted that she did not learn of these acts until the day before she filed her motion; therefore, her motion was timely.

Louisiana Code of Civil Procedure Article 154 provides that a motion to recuse a trial judge must be filed before trial, "unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment." Ms. Louviere filed her motion to recuse before the trial court signed a judgment in this matter. Therefore, it was timely.

The Code of Civil Procedure identifies four situations in which a judge "shall be recused." La.Code Civ. P. art. 151(A). The only situation that might be applicable herein is when the trial judge:

> (4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

*Id*. A judge "has full power and authority to act in the cause[,]" until he recuses himself or a motion to have him recused is filed. La.Code Civ.P. art. 153. Article 154 (emphasis added) further provides, "*If a valid ground for recusation is set forth* in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc . . . for a hearing." Ms. Louviere acknowledges that a trial judge can deny a motion for recusal without a hearing, but she argues that the facts of this case warrant a hearing.

In *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 17-111, 17-112, pp. 13-14 (La.App. 3 Cir. 10/4/17), 229 So.3d 36, 47 (footnote omitted), *writ denied*, 17-1868 (La. 1/29/18), 233 So.3d 613, this court explained the grounds required for recusal:

> Article 151 "do[es] not include a 'substantial appearance of the possibility of bias' or even a 'mere appearance of impropriety' as causes for removing a judge from presiding over a given action." *Slaughter [v.*

7

*Board of Sup'rs of Southern Univ.*, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 471, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970]. It instead requires a finding of actual bias or prejudice that is of a substantial nature, and not one based on merely conclusory allegations. *Covington v. McNeese State Univ.*, 10-0250 (La. 4/5/10), 32 So.3d 223. Furthermore, and as a foundational point, it is important to recall that "[a] judge is presumed to be impartial." *Slaughter*, 76 So.3d at 471.

Neither Ms. Louviere's motion to recuse nor her supporting affidavits contain any allegations of bias or prejudice by the trial judge. The two affidavits merely state that the trial judge's connections to Mr. Perry's family members "certainly appears to be improper for him to hear cases involving them." Accordingly, we find no error with the trial court's denial of her motion to recuse without holding a hearing.

### Attorney Fees

Mr. Perry property filed an answer to Ms. Louviere's appeal, seeking an award of attorney fees for work performed on appeal. An award of attorney fees is mandated by La.Code Civ.P. art 971 for a successful special motion to strike. *Alexander v. Times–Picayune L.L.C.*, 16-1134 (La.App. 4 Cir. 5/31/17), 221 So.3d 198, 203, *writ denied*, 17-1322 (La. 11/6/17), 229 So.3d 469.

We have reviewed counsel's statement of work performed in the trial court, which includes his hourly rate, and award Mr. Perry an additional $1,500 in attorney fees for work performed by counsel on appeal.

### DISPOSITON

The judgment of the trial court is amended to award Mr. Perry additional attorney fees in the amount of $1,500 for work performed on appeal and affirmed as amended.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.